STATE OF IOWA v. W. J. WARNER, Appellant.

**Appeal:** TYPEWRITTEN ABSTRACT IN CRIMINAL CASE. Though the rule requiring printed abstracts and arguments, is suspended, and leave given to file typewritten abstracts, when it is made to appear, in a criminal case, that appellant is unable to pay for the printing, this does not suspend the requirement that the case shall be abstracted; and the supreme court will not examine several hundred pages of original transcript to ascertain whether the verdict is supported by the evidence.

*Appeal from O'Brien District Court.*—HON. SCOTT M. LADD, Judge.

TUESDAY, MAY 19, 1896.

INDICTMENT for murder. Trial to a jury, and verdict and judgment for manslaughter. Defendant appeals.

*C. A. Babcock* and *W. D. Boies* for appellant.

*Milton Remley*, attorney general, for the state.

PER CURIAM.—On the twenty-third day of May, 1895, an order was made in this case, which was as follows: "On this day the appellant's motion to submit this cause in writing was sustained, and the cause is continued." This order has not been complied with by the preparation and filing of any abstract of the evidence and record. What appears to be the original extension of the shorthand reporter's notes of the evidence has been filed. It is in two parts, and in all

contains several hundred pages. And the case was submitted in this way. It will be observed that the order has not been observed by appellant's counsel, and no reason is given for the failure to do so. The rule requiring printed abstracts and arguments is suspended, and leave given to file typewritten abstracts, when it is made to appear in a criminal case that appellant is unable to pay for the printing. But this does not suspend the requirement that the case shall be abstracted. It appears from the argument of counsel for appellant that one of the main questions upon which a reversal is asked is, that the defendant took the life of the deceased in self-defense. An examination of the evidence is necessary to determine this question, and this court has no time at its disposal to read such enormous records. It must be understood, that an order suspending the rule as to printing is not complied with by shipping hundreds of pages of shorthand reporters' transcripts to the clerk of this court. The submission of this cause will be set aside, and it will be continued until the next term, for the preparation and filing of typewritten abstracts, of which there should be at least two copies. And it would be well for counsel to give some attention to the question raised by the state, as to whether there is a bill of exceptions, or a proper and timely certificate of the judge, making the evidence of record. We have thought it proper to dispose of this case for the term, in this public manner, so that it may be understood that the labor of reading such immense records ought not to be imposed on this court.